UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER K. SPATES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-3150-CV-S-MDH-P ) |
| GEORGE A. LOMBARDI, et al., | ) ) |
| Defendants. | ) |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a civil rights case filed *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated by the State of Missouri at the South Central Correctional Center (SCCC) in Licking, where his claims arose. Doc. 18, pp. 1-6 (amended complaint). The remaining Defendants are SCCC Correctional Officers Charles Reese and Robert Turner. Doc. 10 (order); Doc. 18, p. 1 (amended complaint). Plaintiff claims that Defendants violated his rights under the United States Constitution by failing to protect him from attack by a fellow prisoner. Doc. 18, pp. 2-6 (amended complaint).[1] Plaintiff seeks monetary and other relief. *Id*. at 7-8.

Pending before the Court is Defendants' motion for summary judgment. Doc. 50. The motion is fully briefed. The Court must grant Defendants summary judgment if there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Federal

---

[1] Plaintiff also claims that Defendants violated his rights under the Missouri Constitution. Doc. 18, p. 7 (amended complaint). However, as Defendants correctly point out, "violations of state laws or a state constitution cannot by themselves constitute a viable claim under [§ 1983]." *Griswold v. New Madrid County Group Practice, Inc.*, 969 F.Supp.2d 1218, 1220 (E.D. Mo. 1997).

Rule of Civil Procedure 56(a). In applying this standard, the Court must "view the facts and the inferences to be drawn from them in the light most favorable to [Plaintiff]." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (citation omitted).

Defendants summarize the facts as follows:

> On November 12, 2015, Plaintiff was in a fight with Offender Julius Smith ("Mr. Smith") and Plaintiff was placed in administrative segregation. Due to an administrative error not caused by these Defendants, Mr. Smith was assigned to the same cell as Plaintiff. Following the cell assignment orders, Mr. Smith was put in the cell with Plaintiff. [Initially, both prisoners were handcuffed. When Mr. Smith's handcuffs were removed, he] began to assault Plaintiff[.] Defendants . . . us[ed] pepper spray to stop the assault, opened the door, and led Plaintiff away from Mr. Smith. Only 11 minutes later, [Plaintiff] was given a medical evaluation[.]

Doc. 51, p. 2 (suggestions in support of motion for summary judgment).

Generally, Defendants' summary of the facts is not disputed. However, and significantly, prior to Smith being placed in Plaintiff's cell, Plaintiff states that he warned Defendants of his recent fight with Smith, and that Defendant Reece replied: "I missed the first fight but now it's time for some black gladiator combat." Doc. 18, p. 3 (verified amended complaint) (quotation marks omitted). Defendant Turner states that the "black gladiator combat" comment was never made. Doc. 51-6, p. 3, ¶ 19 (Turner affidavit). Defendant Reece did not file an affidavit.

The law applicable to Plaintiff's claims was set out in *Patterson v. Kelley*, 903 F.3d, 845, 851 (8th Cir. 2018):

> The Eighth Amendment requires prison officials to take reasonable measures to guarantee inmate safety by protecting them from attacks by other prisoners. Yet a constitutional claim does not lie every time one inmate attacks another. Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety. For this reason, to prevail on a failure-to-protect claim . . . , an inmate must make two showings: (1) an objective component,

> that there was a substantial risk of harm to the inmate, and (2) a subjective component, that the prison official was deliberately indifferent to that risk.

(citations and quotation marks omitted).

The Court finds that the evidence, taken in the light most favorable to Plaintiff, satisfies the *Patterson* test. *See Robinson v. Prunty*, 249 F.3d 862 (9th Cir. 2001) (affirming the denial of summary judgment to prison-official defendants accused of staging gladiator-like scenarios with prisoners). Although Plaintiff attributes the "black gladiator combat" comment only to Defendant Reece, the Court finds that Defendant Turner should not be granted summary judgment due to his involvement in the events that followed. *See* Doc. 51-6 (Turner affidavit).

The Court must address two other points. First, in order to prevail in this case, Plaintiff "must show that the harm he suffered from [the] alleged failure to protect him was objectively serious." *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (citation omitted). Plaintiff's evidence shows that, during the 90-second attack, which occurred while he was still in handcuffs, he suffered a black eye, hand contusions, and a back injury. Doc. 51-3, pp. 10-13 (Plaintiff's deposition testimony); Doc. 61, p. 2 (Plaintiff's statement of material facts). Plaintiff's evidence also shows that he complained to a physician following the attack about "something wrong with [his] back[.]" Doc. 51-3, p. 11 (Plaintiff's deposition testimony). In the Eighth Amendment context, whether an injury is sufficiently serious is claim-dependent. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted). The Court finds that Plaintiff's evidence shows that he suffered more than *de minimis* injury, which, along with the "black gladiator combat" claim, forecloses summary judgment for Defendants.

Second, Defendants argue that they are qualifiedly immune from liability based on Plaintiff's claims. Doc. 51, pp. 14-15 (suggestions in support of motion for summary judgment);

see *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995) ("prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another"). In denying qualified immunity, the *Robinson* court stated: If the "gladiator-like scenario is true, then no reasonable prison official could have believed that his or her conduct was lawful." 249 F.3d at 867. The Court finds that the same is true here. Defendants are not entitled to qualified immunity.

For the reasons explained above, Defendants' motion for summary judgment (Doc. 50) is granted as to the claims Plaintiff makes under the Missouri Constitution, but denied as to the claims he makes under federal law.

So **ORDERED**.

/s/ Douglas Harpool
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: April 6, 2020.