IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. SPATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 6:18-cv-03150-MDH |
| | ) | |
| GEORGE A. LOMBARDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO FILE AMENDED ANSWER TO PLAINTIFF'S PETITION**

Plaintiff Christopher K. Spates offers the following *Suggestions in Opposition to Defendants' Motion to File Amended Answer to Plaintiff's Petition* (Doc. 139):

**I. Introduction**

Plaintiff filed his original complaint on May 10, 2018, and his First Amended Complaint on November 16, 2018. Doc. 1, 18. Defendants filed an answer to the First Amended Complaint on November 16, 2018. Doc. 19. Plaintiff filed a Second Amended Complaint on April 13, 2021, after receiving this Court's approval to amend to add a new defendant to the case. Doc. 85, 87, 89. Defendants filed their Answer to the Second Amended Complaint on September 3, 2021, after receiving Court approval to file out of time. Doc. 103-1.

Now, five years after the original complaint was filed, two years after the Second Amended Complaint was filed, and two months prior to trial, Defendants seek to untimely amend their answer to include an unwarranted statute of limitations affirmative defense, as discussed more fully below. Under the Third Amended Scheduling Order, entered on February 28, 2022, the deadlines for "amending the pleadings have already passed." Doc. 111. Additionally, all dispositive motions were to be filed on or before May 11, 2022. Doc. 111. The

Fourth and Fifth Amended Scheduling Orders did not extend either of these deadlines. Doc. 126, 134. Thus, Defendants' motion to amend is excessively out-of-time and could not be acted upon in a substantive way prior to trial.

In their motion to amend, Defendants do not provide a reason for failing to assert this affirmative defense earlier. As such, the Court should deny Defendants' motion for leave to amend at this late date, approximately two months before trial, because it is untimely. Alternatively, the amendment is futile and the Court should deny the motion on that basis.

**II. Argument**

While Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," there is no absolute right to amend an answer. "Proper justification for denying such a motion includes: 'undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (wherein the Court denied leave to amend based on undue delay); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994) ("Good reason to deny leave to amend exists if the amendment would be futile.").

Here, Defendants' request to amend is both unduly delayed and presents a futile amendment, so the Court should deny leave.

**A. Undue Delay**

As discussed above, Defendants seek to add an affirmative defense of the statute of limitations five years after the original complaint was filed, two years after the Second Amended Complaint was filed, and approximately two months prior to trial. Defendants give no

2

HB: 4855-6991-5477.1
Case 6:18-cv-03150-MDH     Document 140     Filed 03/10/23     Page 2 of 5

justification for their failure to raise this affirmative defense earlier, as there is no justification. Rule 8(c) of the Federal Rules of Civil Procedure requires a statute of limitations defense to be affirmatively stated when responding to a pleading. The Second Amended Complaint plainly states that the event at issue occurred on November 12, 2015. Doc. 89, ¶ 9. The original complaint was filed on May 10, 2018, and thus it should not take two years to determine whether a statute of limitations defense is applicable. There is no justification for the delay and thus this Court should deny the motion to amend because of undue delay.

### B. Futility of the Amendment

Alternatively, the Court should exercise its discretion to deny Defendants' motion to amend because the legal argument Defendants assert is so patently erroneous that it renders the amendment futile.

Under well-settled Supreme Court precedent, courts characterize 42 U.S.C. § 1983 claims as personal injury claims when determining the appropriate statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Federal courts in Missouri have determined that Missouri's five-year statute of limitations for personal injury actions applies to § 1983 claims. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005); *see Holt by & through Holt v. Glenn*, 2009 WL 10704658, at *2 (W.D. Mo. Apr. 2, 2009) (finding that Missouri's five-year statute of limitations was applicable to plaintiff's § 1983 claims and discussing other cases finding the same); *Kitchen v. Miller*, 343 F. Supp. 2d 820, 822 (E.D. Mo. 2004) (applying the five-year statute of limitations for general personal injury actions to § 1983 claims).

Here, Plaintiff brought a claim under § 1983. *See* Doc. 89. Thus, under *Wilson*, *Sulik*, and others, Missouri's five-year statute of limitations for personal injury actions applies to that § 1983 claim. The event complained of occurred on November 12, 2015. Doc. 89, ¶ 9. Plaintiff

3
HB: 4855-6991-5477.1
Case 6:18-cv-03150-MDH     Document 140     Filed 03/10/23     Page 3 of 5

filed his original Complaint on May 10, 2018. Doc. 1. Plaintiff filed his Complaint well within the statute of limitations period, and so Defendants' attempt to amend their answer is futile.

From their proposed amended answer, Defendants seek to argue that § 516.145 RSMo. applies to this § 1983 claim.[1] This is not the law. Moreover, the cases cited by Defendants in their affirmative defenses are inapposite. *See Cooper v. Minor*, 16 S.W.3d 578 (Mo. 2000); *Kinder v. Missouri Dept. of Corr.*, 43 S.W.3d 369 (Mo. App. W.D. 2001). Neither of these cases dealt with § 1983 claims, but instead concerned claims brought under Missouri law. In fact, *Kinder* specifically states that the statute of limitation at issue there was not relevant to a § 1983 claim when the court discussed a case cited by the plaintiff to support a five-year statute of limitations for his claims: "*Nitchter*, however, is distinguishable from the present case in that [*Nitchter*] concerns the applicable statute of limitation for a § 1983 action." *Kinder*, 43 S.W.3d at 373-74.

### III. Conclusion

The Court should find that Defendants' attempt to assert new affirmative defenses in their proposed amended answer is flagrantly untimely. Alternatively, the Court should find that, because the applicable statute of limitations is Missouri's five-year statute of limitation for personal injury claims, Defendants' attempt to assert new affirmative defenses based on a shorter limitation period is erroneous and fruitless. Accordingly, the Court should deny Defendants' motion to amend, both for undue delay and because the attempted amendment is futile.

---

[1] Alternatively, Defendants seek to apply the two-year statute of limitations from § 516.140, RSMo. However, as shown, neither §§ 516.140 nor 516.145 are relevant as the applicable statute of limitation for a § 1983 claim is found in § 516.120(4), RSMo.

WHEREFORE, Plaintiff Christopher K. Spates requests that this Court deny Defendants' Motion to File Amended Answer to Plaintiff's Petition to assert additional affirmative defenses against Plaintiff; and for such other and further relief as the Court deems just.

**Respectfully submitted,**

By: /s/ *Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com

And

J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was filed electronically via the Court's electronic filing system on March 10, 2023, for service on all counsel of record.

*/s/ Laura C. Robinson*
Laura C. Robinson