IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER K. SPATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:18-CV-03150-MDH |
| GEORGE A. LOMBARDI, et al., | ) |
| Defendant. | ) |

## DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF THEIR MOTION TO FILE AMENDED ANSWER TO PLAINTIFF'S PETITION

COMES NOW, Defendants Charles Reese, Robert Turner and John Machino (hereinafter collectively as "Defendants") through Assistant Attorney General, Jessica L. Ward, and in support of their Motion to Amend, hereby state:

1. On February 24, 2023, Defendants filed a Motion to File Amended Answer to Plaintiff's Petition and Suggestions in Support. (Doc. 139.)

2. Defendants included the affirmative defense of statute of limitations within its amended answer filed as an exhibit. (Doc. 139-1, Page 10.)

3. On March 10, 2023, Plaintiff filed his Suggestions in Opposition to Defendant's Motion to Amend. (Doc. 140.)

4. Plaintiffs have been allowed to amend their pleading twice, with no objections from Defendants.

5. Defendants have never sought leave to amend their answer in this case previously. This is Defendants' first request.

6. Defendants have not waived the affirmative defense of statute of limitations.

To the contrary, Defendants have expressly reserved the right to amend their answer and have stated in Defendants' answer to Plaintiff's amended complaint at page 8, Section: Affirmative Defenses, paragraph K that "Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendants specifically reserve the right to amend their answer to include affirmative defenses at the time they are discovered." Doc. 19, Page 8 of 9.

7. At the time of Defendants' filing for leave to amend, mediation had not been conducted in this case. MAP mediation was scheduled and occurred on March 6, 2023.

8. Amending a responsive pleading at this stage, before mediation having even taken place, detriments no party.

9. There is no undue delay, and no harm to Plaintiff. This issue is a purely legal issue. Therefore, there can be no prejudice to Plaintiff if the Court allows Defendant to amend its responsive pleading.

10. However, failing to allow Defendant to amend its pleading is unduly burdensome to Defendants and disallows this Court addressing a purely legal issue that is tantamount to the case. The mere passage of time is an insufficient basis to oppose a motion to amend and disallow a Defendant to amend a pleading. Justice and fairness dictate that Defendants be allowed to fairly plead their case and allow this Court to address all legal issues.

11. Granting leave for Defendants' to file a first amended answer will not materially add to the issues in dispute and will serve the cause of justice.

12. Federal Rule of Civil Procedure 15(a) provides that leave to file amended pleadings should be **freely granted** when justice so requires.

13. This court should allow the amendment of Defendants' responsive pleading to allow a proper ruling on the legal merits of the case.

14. A district court may deny leave to amend when there are "compelling reasons, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir.2005) (internal marks omitted).

15. Passage of time alone does not merit denying a motion to amend. "Moreover, in most cases, undue delay alone is an insufficient reason to deny a motion to amend; "**prejudice to the nonmovant must also be shown.**" *Id. See Also: Menien v. Bi-State Dev. Agency*, No. 4:22-CV-00620-JAR, 2022 WL 3278442, at *1 (E.D. Mo. Aug. 10, 2022) Plaintiff fails to show any prejudice that would result if Defendants are allowed to amend their responsive pleading.

16. Plaintiffs state that Defendants' argument regarding statute of limitation is a futile. However, as claims brought under 42 U.S.C. Section 1983 do not have a set statute of limitations, Courts must look to state law. Section

516.145 of the Missouri Revised Statutes is directly on point and created to apply to situations exactly like this.

17. Further, amendments should not be disallowed for this basis unless they are clearly frivolous or legally insufficient on its face. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) ....'" Id. "Unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." *Schwend v. U.S. Bank, N.A.*, 2011 WL 5039812, at *3 (E.D. Mo. Oct. 24, 2011) (citing *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994))." Menien v. Bi-State Dev. Agency, No. 4:22-CV-00620-JAR, 2022 WL 3278442, at *2 (E.D. Mo. Aug. 10, 2022)

18. Section 516.145 RSMo. was effective August 28, 1990. It indicates that all actions brought by an offender, as defined under section 217.010, against DOC or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty must be brought within one (1) year. *Id.*

19. The statue is clear an unambiguous. This Court must look at the plain and ordinary meaning of the statute. It is patently clear that actions such as

this, brought by an inmate offender against DOC or DOC employees working in their official capacity, as here, are governed by a 1 year statute of limitations.

20. No prejudice would result from allowing the filing of a First Amended Answer and will not result in an unnecessary delay.

WHEREFORE, the Defendants respectfully pray this court grant their request to file their First Amended Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint at this time, and for such other and further relief as the Court deems just.

Respectfully submitted,

**ANDREW BAILEY**
Missouri Attorney General

*/s/ Jessica L. Ward*
Jessica L. Ward, #57389
Assistant Attorney General
149 Park Central Sq. Suite 1017
Springfield, MO 65806
Telephone: (417) 895-6567
Fax: (417) 895-6382
Email: Jessica.Ward@ago.mo.gov

**ATTORNEY FOR DEFENDANTS REESE, TURNER AND MACHINO**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March 2023, the foregoing was filed electronically with the Court to be served upon all counsel by operation of the Court's electronic filing system.

*/s/ Jessica L. Ward*
Assistant Attorney General
