IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER K. SPATES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 6:18-cv-03150-MDH |
| ) | |
| GEORGE A. LOMBARDI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTIONS IN LIMINE AND SUGGESTIONS IN SUPPORT

Plaintiff Christopher K. Spates ("Mr. Spates"), by counsel, moves the Court for an order, *in limine*, precluding Defendants from referring to, interrogating witnesses concerning, or conveying to the jury in any manner evidence or argument on the following issues: (1) Mr. Spates' Criminal Convictions; (2) Witnesses' Prior Criminal Convictions; (3) Conduct Violations Not at Issue; (4) Statements that Constitute Expert Testimony under FED. R. EVID. 702; (5) Admiration for Corrections Officers Generally; (6) Argument that Any Award of Damages would be Borne by the State of Missouri or Missouri Taxpayers; and (7) Evidence that Mr. Spates was Disciplined following the November 12 Incident. In addition, Plaintiff requests that (8) Mr. Spates be Allowed to Remain Unshackled and be Allowed to Wear Appropriate Civilian Clothes in the Presence of the Jury; and (9) Mr. Spates be Addressed as "Mr. Spates" or "Plaintiff" during Trial. Finally, Plaintiff (10) Invokes Rule 615.

## LEGAL STANDARD

Pursuant to the Federal Rules of Evidence, upon the filing of a Motion in Limine, this Court has the authority to make preliminary determinations as to the admissibility of evidence prior to the commencement of trial. *See* FED. R. EVID. 103(c) and 104 (c).

Rules 401 and 402 limit admissible evidence to information that is "relevant." For evidentiary purposes, evidence is relevant if it "has any tendency to make the existence of a

consequential fact more or less probable than it would be without the evidence." *Greenwood Ranches v. Skie Constr. Co*., 629 F.2d 518, 523 (8th Cir. 1980) (citing FED R. EVID. 401 and 402). Under Rule 403, even if evidence is deemed relevant, it is still inadmissible when "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; *see also Greenwood*, 629 F.2d at 523 (citing FED. R. EVID. 403).

## 1. MR. SPATES' CRIMINAL CONVICTIONS

The Court should bar any evidence of Mr. Spates' criminal convictions under Rules 609 and 403, or alternatively, at least bar evidence of the actual crimes underlying his conviction.

Mr. Spates is currently an inmate at the South Central Correctional Center ("SCCC"), a prison operated by the Missouri Department of Corrections ("MDOC"). In October 2014, Mr. Spates was convicted of Murder 1st Degree and Armed Criminal Action, for which a Missouri court sentenced him to life without parole.

Although the *fact* of Mr. Spates' incarceration will be apparent to the jury based upon the nature of his claims, the *nature* of his conviction is not relevant to the determination of any facts of consequence in this matter. The introduction of such evidence would only serve to unfairly prejudice Mr. Spates and mislead the jury. Accordingly, any evidence, testimony, argument, reference, comment, or suggestion from Defendants, their attorneys, or any witness regarding the nature of Mr. Spates' crimes—including the length of his sentence—should be precluded.

"Evidence which is not relevant is not admissible." FED. R. EVID. 402. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

2

HB: 4869-0263-4845.1
Case 6:18-cv-03150-MDH    Document 148    Filed 04/13/23    Page 2 of 10

The principal question for the jury to decide is whether Defendants were deliberately indifferent to a substantial risk of harm to Mr. Spates. There is no dispute that Defendants put another inmate, Julius Smith, into a cell with Mr. Spates moments after the two inmates had a fight. As such, this case does not present serious credibility determinations for the jury to decide. Mr. Spates' incarceration is, of course, a predicate to his cause of action and will come into evidence. But the only relevance of Mr. Spates' criminal convictions concern his character for truthfulness. As such, his convictions have no relevance to the question before the jury. As a result, evidence regarding the nature of his crimes or length of sentence should be excluded under Rule 402.

Even if evidence of the nature of Mr. Spates' crimes were deemed to have marginal relevance to the case, they should be excluded because any such probative value is *substantially* outweighed by its potential to unfairly prejudice Mr. Spates, confuse the issues, and mislead the jury. FED. R. EVID. 403. This is so because the nature of Mr. Spates' crimes—were they relevant here (they are not)—are not at all probative of Defendants' conduct toward Mr. Spates. Moreover, the danger of undue prejudice resulting from inflammatory knowledge about the nature of Mr. Spates' crimes would substantially outweigh any limited relevance where the jury is *already* being asked to set aside bias against an incarcerated individual. This evidence could further lead to confusion over whether Mr. Spates' crimes are an issue in this case and could suggest decision on an improper basis. Thus, the evidence should be prohibited under Rule 403.

Further, evidence of Mr. Spates' crimes is properly excluded under Rule 609(a)(1)(A) because it expressly requires the Court to consider the Rule 403 balancing test, and what conviction could possibly inspire more unfair than murder? Other courts have determined that a murder conviction is so prejudicial as to fail the balancing test set forth in Rule 609 and 403. *See Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) ("A murder conviction … has the

3

potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired."); *Ellis v. Navarro*, No. C 07-5126 SBA PR, 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) ("given the serious nature of Plaintiff's [attempted murder] offense, advising the jury of his prior conviction for a violent felony would be unduly prejudicial under Rule 403"); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (excluding evidence of a murder conviction under Federal Rules of Evidence 609(a)(1) and 403 because "the probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice"). Moreover, Mr. Spates' conviction is not of the type that is likely to bear on his character for truthfulness.

Accordingly, Mr. Spates request that the Court exclude, under Rules 403, 404, and 609, any evidence, argument, or other references to his prior criminal history or and the reasons for his current incarceration. FED. R. EVID. 403, 404, 609.

## 2. WITNESSES' PRIOR CRIMINAL CONVICTIONS

Mr. Spates' Witness List includes Mr. Julius Smith, who was the individual who was placed in the cell with Mr. Spates and was involved in the events of November 12, 2015, that are at issue in this trial. Mr. Smith is currently sentenced to life without parole for a first-degree murder conviction. Mr. Spates' Witness List also includes Tracy Greer, Tommie Lathan, and Marco Andrews,[1] all of whom are currently incarcerated in the MDOC system.

Like Mr. Spates, the evidence of these witnesses' arrest and conviction records is irrelevant and therefore inadmissible under the Rules 401 and 402. FED. R. EVID. 401, 402. The prejudicial nature of such evidence could substantially outweigh its probative value (if any). FED. R. EVID. 403.

---

[1] These witnesses are incarcerated for crimes such as robbery and assault, not for crimes probative of the witnesses' veracity.

Details of the nature of crimes for which potential witnesses have been convicted and the sentences they are serving are irrelevant to any of the elements of Mr. Spates' cause of action, just as are details of Mr. Spates' own past acts. Moreover, such evidence may cause the jury to make its decision on an improper basis rather than the merits of Mr. Spates' case, and any probative value to such evidence is substantially outweighed by the unfair prejudice and confusion to the jury. Because evidence could elicit such an emotional response, jurors may improperly conclude that the witness' testimony does not deserve any consideration, regardless of the factual merits or law involved in this case.

Accordingly, Mr. Spates request that the Court exclude, under Rules 401, 402, and 403, any evidence, argument, or other references to his witnesses' prior criminal history or and the reasons for their current incarceration. FED. R. EVID. 401, 402, 403.

### 3. CONDUCT VIOLATIONS NOT AT ISSUE

Mr. Spates' disciplinary history from SCCC should also be excluded as impermissible character evidence under Rule 404(b). Such evidence cannot support any relevant non-character purpose, and its risk of unfair prejudice outweighs any probative value. *See Hynes v. Coughlin*, 79 F.3d 285, 293 (2d Cir. 1996) (finding admission of prison disciplinary records to be reversible error in a prisoner's civil rights case). Indeed, a plaintiff's prison disciplinary records are "almost always inadmissible." *Lombardo v. Stone*, 2002 WL 113913, *3 (S.D.N.Y. Jan. 29, 2002); *see also Henry v. Russell*, 2010 WL 3806821, *1– 2 (W.D. Mo. Sept. 23, 2010) (provisionally granting same motion in limine in the absence of specific evidence from defendant of why such records should be admitted). Mr. Spates' disciplinary record within the MDOC system is irrelevant to the issues in this case and would only confuse the issues and unfairly prejudice Mr. Spates and should be excluded.

5

Accordingly, Mr. Spates requests that the Court exclude, under Rules 403, and 404 and 609, any evidence, argument, or other references to his prison disciplinary history. FED. R. EVID. 403, 404, 609.

4. **STATEMENTS THAT CONSTITUTE EXPERT TESTIMONY UNDER FEDERAL RULES OF EVIDENCE RULE 702**

Defendants did not disclose any witnesses in its Rule 26 expert disclosures. Therefore, Mr. Spates requests that Defendants be precluded from referring to the corrections officers as "experts," and that the corrections officers be precluded from providing expert opinions.

5. **ADMIRATION FOR CORRECTION OFFICERS GENERALLY**

Mr. Spates moves to bar all evidence, testimony, questioning, and argument that corrections officials perform any of the following (or similar) general functions:

a. Corrections officials keep "bad guys" in jail;

b. Corrections officials are heroes;

c. Corrections officials risk their lives for us every day; and/or

d. Corrections officials serve and protect you.

Such arguments are improper and "tend to distract the jury from assessing the evidence fairly and impartially by invoking sympathy for . . . defendants who have a difficult job." *Battle v. O'Shaughnessy*, No. 11 C 1138, 2013 WL 3984463, *16-17 and n.5 (N.D. Ill. Aug. 2, 2013) (granting motion in limine); *see also Matthews v. Davis*, No. 14-c-6003, 2020 WL 891035, at *5 (N.D. Ill. Feb. 22, 2020) (granting the motion to preclude defendants from offering evidence or argument "that portrays the risks faced by members of law enforcement generally or that heroizes members of law enforcement." "Such evidence and argument have little to no probative value, and it risks unfair prejudice to [plaintiff], as well as diversion of the jury away from the actual issues in the case and into a dispute about who is the better person between plaintiff and

defendants."). Although this list is not exhaustive, any like reference should be excluded as prejudicial.

6. **THAT ANY AWARD OF DAMAGES WOULD BE BORNE BY STATE OF MISSOURI OR MISSOURI TAXPAYERS**

Because Mr. Spates' claims are against state employees, any damages awarded are likely to be paid by the State of Missouri and thus, Missouri taxpayers. The source of funds for the payment of damages is not only irrelevant but is also highly prejudicial, especially given that at least some potential jurors will be Missouri taxpayers. As such, Defendants should be precluded from making any statements that any damages awarded to Mr. Spates would be borne by the State of Missouri, Missouri taxpayers or taxpayers generally, or making any similar statements or arguments relating to the source of funds for the payment of any damages or appealing to the jurors as taxpayers. *See U.S. ex rel. Health Dimensions Rehab., Inc. v. RehabCare Grp., Inc.,* No. 4:12-cv-00848-AGF, 2013 WL 5340910, at *2 (E.D. Mo. Sept. 23, 2013) (granting a motion in limine barring "arguments related to public funding from tax dollars or in any manner appeal to the jurors as taxpayers."); *see also McGuire v. Cooper*, No. 8:16-cv-0004, 2018 WL 3935053, at *4 (D. Neb. Aug. 16, 2018) ("All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403.").

7. **EVIDENCE THAT MR. SPATES WAS DISCIPLINED FOLLOWING THE NOVEMBER 12 INCIDENT**

Mr. Spates moves to bar all evidence, testimony, questioning, and argument as to the fact that he was disciplined following the November 12, 2015, incident at issue in this matter. The fact that the MDOC and SCCC disciplined Mr. Spates should not be allowed to influence the jury's decision. The culpability of Defendants' conduct is a conclusion to be reached by the jury based on evidence introduced at trial. This culpability should not be influenced by a decision of a prison administrative review board. Undoubtedly, the outcome of the administrative review board will have a prejudicial impact on the jury if such evidence is allowed to be presented.

7

HB: 4869-0263-4845.1

Case 6:18-cv-03150-MDH    Document 148    Filed 04/13/23    Page 7 of 10

8. **THAT MR. SPATES BE ALLOWED TO REMAIN UNSCHACKLED AND ATTIRED IN APPROPRIATE CIVILIAN CLOTHES IN THE JURY'S PRESENCE**

Mr. Spates requests to be unshackled and attired in appropriate civilian clothes at all times while in the presence of the jury. To require Mr. Spates to otherwise remain shackled and/or wearing his prison clothing, would greatly prejudice the jury against Mr. Spates. *See Maus v. Baker*, 747 F. 3d 926, 927 (7th Cir. 2014) (citing *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1968)) (recognizing that "between a litigant wearing prison garb and his opponent wearing law enforcement uniforms is likely to influence the jury against the prisoner, and has long been held as highly prejudicial"). Requiring a plaintiff to remain shackled and/or wearing his prison clothing risks allowing "impermissible factors coming into play." *Estelle v. Williams*, 425 U.S. 501, 505 (1976) (citing *Turner v. Louisiana*, 379 U.S. 466, 473 (1965)).

Instead, as the Eighth Circuit recognizes, inmates are entitled to the minimum restraints necessary to maintain safety in the courtroom:

> This court does not endorse a general policy of parading inmate civil plaintiffs or their witnesses before the jury in shackles. In these cases, the district court has a responsibility to ensure reasonable efforts are made to permit the inmate and the inmate's witnesses to appear without shackles during proceedings before the jury. When this is not feasible, the district court should take appropriate action to minimize the use of shackles, to cover shackles from the jury's view, and to mitigate any potential prejudice through cautionary instructions.

*Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992). There is no evidence to support a need that Mr. Spates be shackled while in the courtroom. Here, the presence of court security and law enforcement render the use of restraints unnecessary.

Additionally, requiring Mr. Spates to remain in criminal attire in the presence of the jury would lead to the implicit understanding that he was at fault and/or untrustworthy, which would outweigh the state's interest in him remaining in criminal attire. *See Estelle*, 425 U.S. at 505 ("[C]ompelling an [inmate] to wear jail clothing furthers no essential state policy."). As in

*Estelle*, there is no compelling interest for Mr. Spates to remain in prison attire while in the presence of the jury that would counter the prejudice it would cause Mr. Spates.

Accordingly, Mr. Spates requests that the Court allow him to remain unshackled and in civilian clothing in front of the jury.

9. **THAT MR. SPATES BE ADDRESSED AS "MR. SPATES" OR "PLAINTIFF"**

There is a constitutional right to a fair trial in a civil case. *Estes v. State of Tex.*, 381 U.S. 532, 540 (1965) ("We have always held that the atmosphere essential to the preservation of a fair trial—the most fundamental of all freedoms—must be maintained at all costs."). To that end, courts should take reasonable steps to ensure that an inmate-litigant's right to a fair trial in a civil action is not unnecessarily marred by his status as an inmate. *See Robinson v. Delgado*, 2010 WL 1838866, at *7 (N.D. Cal. May 3, 2010) (granting plaintiff's motion in limine requesting that he be referred to by name rather than "inmate" or "prisoner" to "prevent potential prejudice").

Based on the foregoing law, Mr. Spates moves the Court to require that Defendants, their witnesses, and their counsel address him as "Mr. Spates" or "Plaintiff," and that Defendants, their witnesses, and their counsel be barred from using terms such as "offender", "inmate", or "prisoner," as they are unduly prejudicial.

10. **INVOKING THE RULE**

Plaintiff respectfully request that the Court invoke Federal Rule of Evidence 615 excluding witnesses from the proceedings unless and until they are called as witnesses.

**WHEREFORE**, Plaintiff respectfully requests this Court exclude any evidence or testimony concerning the matters set out in this motion; allow Plaintiff to remain unshackled and in civilian clothes and be addressed by name during trial; and for such other and further relief as the Court deems just and proper.

9

**Respectfully submitted,**

By: /s/ *Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com
And
J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was filed electronically via the Court's electronic filing system on April 13, 2023, for service on all counsel of record.

*/s/ Laura C. Robinson*
Laura C. Robinson