IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER K. SPATES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:18-CV-03150-MDH |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendant. | ) |

**Defendants' Motions in Limine and Suggestions in Support**

Defendants Department of Corrections, Charles Reese, Robert Turner and John Machino (hereinafter collectively as "Defendants") move this Court to limit the evidence and argument that the Plaintiff may present at trial. Defendants request that this Court enter an Order prohibiting Plaintiff from making reference during any portion of the trial and from introducing evidence, testifying, eliciting testimony, or mentioning the matters set forth below in the presence of the jury, including voir dire and deposition readings. Defendants further move this Court to instruct Plaintiff and the witnesses not to mention, refer to, or attempt to convey to the jury in any manner, either directly or indirectly, anything related to the subjects referenced below during their testimony, without first obtaining permission from this Court outside the presence and hearing of the jury. In the alternative, Defendants ask this Court to strike any evidence related to the subjects referenced below.

1

**Motion in Limine #1. Reference to the financial disparity of the parties or the source of any award for damages.**

This Court should not allow Plaintiff to comment or elicit testimony on the size of the Department of Corrections, its financial resources, the resources of the State of Missouri, the Office of the Missouri Attorney General, or who is paying the judgment for the individual defendants. Any such references are irrelevant and collateral, and unfairly prejudicial to all defendants, and would mislead and confuse the jury. Further, any information regarding the State Legal Expense Fund is inadmissible, as discussion of insurance coverage is improper. *Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) (holding that, in §1983 action, court should not instruct jury that state will indemnify employee); *Griffin v. Hilke*, 804 F.2d 1052 (8th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987) (prejudicial error committed through closing argument of plaintiff's counsel, in police excessive force case, that the city would be paying for any judgment awarded by the jury against the officers).

**Motion in Limine #2. Evidence Regarding What the Law Requires and Witness Opinion Testimony Concerning Legal Standards or Legal Violations.**

Witnesses' statements or counsel's suggestions as to what the law requires are impermissible outside of the jury instructions. Defendant anticipates that Plaintiff will attempt to question witnesses regarding their

knowledge of what the law requires or what is unlawful. Jury instructions give the jury the law of the case. The jury is to obtain the law only from approved jury instructions. *Dorrin v. Union Elec. Co.,* 581 S.W.2d 852, 860 (Mo. App. 1979). Reading a statute to the jury is improper. *Eckelkamp v. Burlington Northern Santa Fe Ry. Co.* 298 S.W.3d 546, 550 (Mo. App. 2009) (citing *Lasky v. Union Elec. Co.*, 936 S.W.2d 797, 802 (Mo. banc 1997)). Furthermore, the Missouri Court of Appeals, in *Eckelkamp*, held that "[d]isplaying a statute for a jury to read itself is at least as egregious as reading it to the jurors." *Eckelkamp*, 298 S.W.3d at 550.

There is no support for the court admitting independent evidence of the law. The Missouri Supreme Court has held that doing so improperly instructs the jury on the law that controls the case and was an abuse of the trial court's discretion. *See State v. Johnson*, 207 S.W.3d 24, 40-41 (Mo. 2006) (upholding the trial court's decision to exclude such evidence). Furthermore, witnesses' statements as to their subjective beliefs or speculation as to whether defendant's actions were discriminatory or retaliatory are impermissible opinion testimony and should not be allowed by this Court.

The potential proffer of opinions by witnesses regarding their beliefs as to whether defendants acted properly is improper opinion testimony, irrelevant, prejudicial, and inadmissible at trial, and should be excluded in

3

its entirety. *Mohr. v. Moberly*, 938 S.W.2d 319, 322 (Mo. Ct. App. 1997) ("We are not aware of any authority, however, which suggests that lay opinion testimony should be admitted as to the ultimate issue of the case. The long-standing rule is to the contrary."); *See also, Stewart v. City of St. Louis*, No. 4:04CV885 RWS, 2006 WL 663023 at * 8 (E.D. Mo. June 9, 2006) ("The other individual plaintiffs' deposition testimony relied upon by FIRE does not contain any admissible evidence of intentional discrimination either. The individual plaintiffs each testified that he '***believed***' the City intentionally discriminated against him. No plaintiff identified any specific document or event-other than the test itself-that was alleged evidence of intentional discrimination. As a result, the individual plaintiffs' deposition testimony does not contain any admissible evidence of intentional discrimination.")

**Motion in Limine #3: Witness Testimony, including that of Plaintiff, as to the ultimate issue of whether any alleged conduct was a violation of DOC policies and Plaintiff's rights.**

For the same reasons outlined in Defendants' Motion in Limine #2 prohibiting witnesses from offering their subjective beliefs or speculation on particular issues, no witness, including Plaintiff, should be permitted to testify on the ultimate issues of the whether alleged conduct constituted legal violations.

**Motion in Limine #4: Lay testimony by Plaintiff about medical diagnosis or impairments or psychologically diagnosable conditions, including both physical and mental medical conditions.**

Defendants move to exclude all testimony by Plaintiff regarding Plaintiff's belief that any occurrences within this suit caused any medical condition or caused other diagnosable conditions. Generally, a medical expert's testimony is required to prove causation between an injury and an alleged related incident. Particularly when a party has a "sophisticated injury," lay testimony as to causation is improper. *Brickey v. Concerned Care of Midwest, Inc.*, 988 S.W.2d 592, 596 (Mo. App. 1999). Here, Plaintiff has not disclosed an expert to testify regarding any injury he allegedly experienced as a result of the Defendants' alleged actions. Plaintiff is unqualified to testify as to causation of alleged medical issues or complications of any of his conditions. Additionally, Plaintiff's counsel should not be permitted to inquire into Plaintiff's subjective beliefs or speculation as to how his condition or medications affect his behavior. Again, the cause of Plaintiff's behaviors or actions, if caused by a medical condition or medication, would be the purview of a designated experts.

**Motion in Limine #5: Testimony regarding discovery disputes, or any disparaging references to the Attorney General's Office.**

Counsel for any party should be prohibited from discussing any past or ongoing discovery dispute in the presence of the jury. Such disputes involve

legal questions and the discovery rules and could serve only to improperly confuse or mislead the jury. *State ex rel. Humane Soc'y of Mo. v. Beetem*, 317 S.W.3d 669, 672 (Mo. App. 2010) ("A trial court has broad discretion in controlling, managing, and administering the rules of discovery"). Further, Defendants seek a motion in limine excluding any comments on the part of counsel regarding discovery, production of documents, or comments relating to the quality of documents produced. Such commentary only serves to prejudice the jury against Defendant when there has been ample opportunity to discuss and rectify any issues with discovery, the quality of documents produced, etc.

Furthermore, counsel should not be allowed to make disparaging references to the Attorney General, the Attorney General's Office, the Governor, or any former Missouri elected officials.

**Motion in Limine #6. Safety concerns regarding the Department of Corrections, arguments regarding the "community standards", and other "Reptilian Tactics" outlined in David Ball and Don Keenan's book *Reptile: the 2009 Manual of the Plaintiff's Revolution.***

Defendant anticipates that Plaintiff will make some or all of the following arguments to the jury:

- That there were safety concerns that Plaintiff or other witnesses had that were not pled in Plaintiff's Petition;
- That the jurors in this case are setting the "community standards" concerning safety and safety protocols;
- That somehow the safety of society would be guarded if the jurors reached a verdict in the Plaintiff's favor.

In the book *Reptile: the 2009 Manual of the Plaintiff's Revolution,* (published by Balloon Press, New York, NY, Copyright 2009), authors Ball and Keenan present arguments that if a Plaintiff's attorney is able to appeal to jurors' senses of safety or security, the Plaintiff's attorney will be more likely to win a case. ("When the Reptile sees a survival danger, she protects her genes by impelling the juror to protect himself and the community." *Reptile*, page 19., "So in trial, your goal is to get the juror's brain out of fritter mode and into survival mode." *Reptile,* page 18.).

In some cases, where safety issues have actually been pled, such arguments may be appropriate. But in this case, no such allegations regarding safety or community safety were made (Mr. Spates never mentions that anyone's safety is in jeopardy in any of his petitions).

Such tactics are similar to "golden rule" arguments, which are disfavored under Missouri law. *See Warren Davis Properties V, L.L.C. v. United Fire & Casualty Co.* 111 S.W.3d 515 (Mo. App. S.D. 2003) *and Merritt*

7

*v. Wilkerson,* 360 S.W.2d 283 (St. Louis Court of Appeals, 1962). Missouri courts have made it clear that counsel may not argue that the jurors should "trade places and to decide the case as if he were the plaintiff." *Merritt* at 286. Such arguments only serve to expand the issues to those beyond the jury instructions.

Similarly here, arguments involving the jurors "setting the standards of the community" or remedying a "safety issue" that has not been pled by the Plaintiff only serve to confuse the jury. The jury is bound by this Court's instructions to the jury.

Because of the above, Defendant requests a Motion in Limine that counsel for Plaintiff may not reference safety issues, societal issues, or a broader request for the jury to determine "community standards."

**Motion in Limine #7. Testimony, argument, or commentary regarding the presence of the individual Defendants.**

In Missouri, a defending party may appear for a trial by attorney, and need not appear in person. *See Grimes v. Bagwell,* 809 S.W.2d 441 (Mo. App. S.D. 1991). Defendants have not determined if they will appear in person for the entirety of this trial, but if they choose not to do so, Defendants request a motion in limine excluding any argument or comments by Plaintiff's counsel regarding their appearance or non-appearance at trial. Such commentary would be overly prejudicial to the individual defendants named in Mr.

8

Spates' lawsuit, and would not provide any probative value to Plaintiff. Therefore, Defendants seek an order form the court excluding said arguments or comments.

**Motion in Limine #8. Deposition testimony taken in other cases.**

Depositions taken in other cases against the Department of Corrections is not relevant to Plaintiff's case. In general, Defendants object to the reading of depositions when the witnesses will appear at trial, as such testimony is cumulative and will be a waste of the jury's time when the same questions could be asked of the witnesses in-person.

**Motion in Limine #9. Attorney-Client Protected Communications.**

Evidence that is protected from disclosure by the attorney-client communications privilege should not be introduced.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Jessica Ward*
Jessica L. Ward, Mo. Bar No 57389
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Jessica.Ward@ago.mo.gov
*Attorney for Defendants*

9

## **Certificate of Service**

I hereby certify that on April 13, 2023, the foregoing was filed with the Missouri e-filing system, which notified all counsel of record.

*/s/ Jessica Ward*
Assistant Attorney General
