IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. SPATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 6:18-cv-03150-MDH |
| | ) | |
| GEORGE A. LOMBARDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

Plaintiff Christopher K. Spates ("Mr. Spates"), by counsel, pursuant to the Court's Fifth Amended Scheduling and Trial Order for Jury Trial dated December 12, 2022 (the "Scheduling Order"), hereby objects to Proposed Exhibits D1, D8, D9, D10, D11, D14, and D17 included on Defendants' Exhibit List filed on April 13, 2023.

1. **Defendants' Proposed Exhibits D1 (Deposition of Christopher Spates), D8 (Deposition of Charles Reese), D9 (Deposition of Robert Widener), D10 (Deposition of John Machino), and D11 (Deposition of Robert Turner) are improper as to form and should be excluded as exhibits.**

   Defendants listed five full depositions as exhibits on their Exhibit filed on April 13, 2023. Defendants' inclusion of the complete depositions fails to comply with the Scheduling Order. The Scheduling Order requires each party to file a designation, by page and line number, or any deposition testimony to be offered in evidence as part of that party's case. These deposition transcripts include inadmissible hearsay, speculation, and evidence that is not relevant to Plaintiff's claims or Defendants' defenses. The inclusion of these depositions on Defendants' Exhibit List punts any potential evidentiary issue to a later, unspecified date, frustrating the purpose of this Court's Scheduling Order and prejudicing Plaintiff. Accordingly, this Court should not admit these depositions as exhibits.

2. **Defendants' Proposed Exhibits D14 and D17 (Robert Turner's Performance Appraisal, listed twice) are irrelevant, cumulative, constitute improper character**

**evidence, inadmissible hearsay, and are substantially more prejudicial than probative, and so this Court should exclude the evidence at trial.**

Proposed Exhibits D14 and D17 are Robert Turner's Performance Appraisal from January 2016. Evidence is not admissible at trial unless it is relevant, tested by whether it tends to make a fact more or less probable and is a fact of consequence in the action. Fed. R. Evid. 401, 402. Evidence of Defendant Turner's evaluation in January 2016 is irrelevant or and does not make any fact more or less probable in the determination of whether Defendant Turner failed to protect Plaintiff from an inmate attack the previous year.

Additionally, the proposed exhibit is cumulative and only acts as improper character evidence of Defendant. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Defendants cannot use the Performance Evaluation to try to establish that Defendant Turner failed to protect Plaintiff from an attack.

The evidence also constitutes inadmissible hearsay within hearsay. First, the documents are MDOC forms, which are out-of-court statements used to prove the truth of the matters asserted, as included in the Performance Evaluation. To be admissible, the document and statements contained would need to meet a hearsay exception or exclusion; they do not. The Court should bar its admission.

Even if Defendant clears the relevance bar, hearsay within hearsay exclusion, and can show the evidence is not cumulative character evidence, the Court should still refuse to admit the evidence because the substantially prejudicial effect outweighs the probative value. *See* Fed. R. Evid. 403. Even if Defendant Turner was generally knowledgeable about MDOC policies, worked overtime, and completed paperwork on time, he still could have failed to protect Plaintiff from attack; however, the proposed evidence could confuse and mislead the jury into believing

that Defendant Turner acted appropriately in the situation because it is not mentioned in the Performance Review. As such, allowing evidence will confuse the issues and could lead to an unnecessary mini-trial about whether Defendant Turner received an appropriate performance evaluation. Admission of the evidence may improperly suggest Defendant Turner is not liable because the incident was not included in the Performance Evaluation and may lead to a waste of judicial resources.

**WHEREFORE**, Plaintiff respectfully requests this Court to deny the admission of Defendants' Proposed Exhibits D1, D8, D9, D10, D11, D14, and D17; and for such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

By: /s/ *Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com
And
J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was filed electronically via the Court's electronic filing system on August 8, 2023, for service on all counsel of record.

/s/ *Laura C. Robinson*
Laura C. Robinson