IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. SPATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 6:18-cv-03150-MDH |
| | ) | |
| GEORGE A. LOMBARDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR PLAINTIFF

COMES NOW Plaintiff, and in support of his Application for Writ of Habeas Corpus For Trial, states as follows:

The Court should issue a writ of habeas corpus ad testificandum to compel the presence of Plaintiff Christopher K. Spates ("Plaintiff") at his final pretrial conference and trial because the law favors doing so and to preserve Plaintiff's right to a fair trial.

Writs of habeas corpus ad testificandum are authorized by 28 U.S.C. § 2241(c)(5) at the discretion of the federal court. *Oliver v. Goodwin*, 221 F.3d 1343 (8th Cir. 2000). In exercising its discretion, the Court should consider the eight-prong test set out in *Stone v. Morris,* 546 F.2d 730, 735-36 (7th Cir. 1976) when determining whether to compel a prisoner's presence at a court proceeding: (1) The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom; (2) Any potential danger or security risks which the presence of the prisoner would pose to the court; (3) Whether the matter at issue is substantial; (4) The need for an early determination; (5) The possibility of delaying trial until the prisoner is released; (6) The probability of success on the merits; (7) The integrity of the correctional system; (8) The

interests of the inmate in presenting his testimony in person rather than by deposition. *In re Best Value Inc.*, 52 Bankr. Ct. Dec. 152 (Bankr. N.D. Iowa Dec. 15, 2009).

Attendance at pretrial conferences also indeed benefits prisoners. *Nyenekor v. Kletches*, No. CIV. A. 95-192, 1996 WL 189920, at *8 (E.D. Pa. Apr. 18, 1996); *see also Infocision Mgmt. Corp. v. Found. for Moral L.*, No. 5:08CV1342, 2011 WL 843660, at *4 (N.D. Ohio Mar. 7, 2011) ("[I]n-person participation by [counsel, anyone with settlement authority, and all parties and party representatives] is essential as the final pre-trial conference represents the last opportunity to discuss possible settlement and important trial matters.")

Here, Plaintiff has an overwhelming interest in his presence at his pretrial conference and in-person testimony at his trial. The eighth factor "subsumes other factors or considerations such as whether the trial is to be to the court or to a jury, whether . . . as here, the prisoner is the only person who can render testimony consistent with the allegations of his complaint, and whether the defendants themselves plan to take the witness stand." *Stone*, 546 F.2d at 736. Plaintiff is a witness to all relevant facts. Plaintiff anticipates Defendant will testify and call witnesses, but Plaintiff is the only plaintiff's witness capable of testifying to the manner and circumstances in which he sustained the injuries from which this civil rights action arises. In light of these facts, and the fact that Plaintiff was not represented by counsel at his deposition, presenting his testimony by deposition to the jury would be an inadequate substitute. Plaintiff's interest extends to matters addressed at the final pretrial conference that may significantly impact the adjudication of this matter. Moreover, Plaintiff is incarcerated in Licking, Missouri, which is a distance from Springfield that does not impose substantial costs or inconvenience upon the State to transport him here for the duration of his pretrial conference or his trial.

2

HB: 4868-7324-1974.1
Case 6:18-cv-03150-MDH    Document 167    Filed 08/08/23    Page 2 of 3

WHEREFORE, for the reasons stated herein and in Plaintiff's Application for Writ of Habeas Corpus, Plaintiff respectfully prays that he be transported by the U.S. Marshal from the South Central Correctional Center in Licking, Missouri to be housed in the Springfield, Missouri area no later than 8:00 a.m. on August 21, 2023 and thereafter remain in the Springfield area until the conclusion of his trial so that he can meet with Counsel and be present in the Courtroom at the time of trial; and for such other relief as the Court deems just.

**Respectfully submitted,**

By: /s/ *Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com

And

J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was filed electronically via the Court's electronic filing system on August 8, 2023, for service on all counsel of record.

/s/ *Laura C. Robinson*
Laura C. Robinson