IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. SPATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 6:18-cv-03150-MDH |
| | ) | |
| GEORGE A. LOMBARDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff Christopher K. Spates submits the following Joint Proposed Jury Instructions, based upon Plaintiff's counsel's discussion with Defendants' counsel during the jury instruction conference.

**Respectfully submitted,**

By:   /s/ *Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com

and

J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

HB: 4862-8564-7478.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was filed electronically via the Court's electronic filing system on August 8, 2023, for service on all counsel of record.

*/s/ Laura C. Robinson*
Laura C. Robinson

HB: 4862-8564-7478.1

## INSTRUCTION NO. 1

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That

HB: 4862-8564-7478.1

would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

**Authority**: 8th Cir. Civil Jury Instr. 1.01 (2022)
This proposed instruction is agreed upon by the parties.

4

## INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Authority**: 8th Cir. Civil Jury Instr. 2.01 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

# INSTRUCTION NO. 3

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.[1]

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

**Authority**: 8th Cir. Civil Jury Instr. 1.02 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

# INSTRUCTION NO. 4A

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[**Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."**]

This is a civil case brought by Plaintiff Christopher Spates against Defendants Charles Reese, Robert Turner, and John Machino alleging the defendants failed to protect the plaintiff in violation of the plaintiff's civil rights under color of law. Mr. Spates was incarcerated at South Central Correctional Center in Licking, Missouri where the defendants were employed as correctional officers. On November 12, 2015, Julius Smith was placed into the cell where Mr. Spates was located. Upon being placed into the cell, Mr. Smith immediately attacked Mr. Spates. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what

the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**Authority**: 8th Cir. Civil Jury Instr. 1.03 (2022)
Submitted by Plaintiff.

## INSTRUCTION NO. 4B

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

"You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [Courtroom Deputy] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."

This is a civil case brought by plaintiff, Christopher Spates, against defendants, Charles Reese, John Machino, and Robert Turner. Plaintiff alleges the Defendants failed to protect him. Defendants deny all allegations. It will be your duty to decide from the evidence whether plaintiff is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it,

9

or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**Authority:** *Eighth Circuit Model Jury Instructions* (2022), Instruction 1.03 Explanatory: General; Nature of Case; Burden of Proof; Duty of Jury; Cautionary

Submitted by Defendants.

10

# INSTRUCTION NO. 5

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

HB: 4862-8564-7478.1

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**Authority**: 8th Cir. Civil Jury Instr. 1.04 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 6

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

**Authority**: 8th Cir. Civil Jury Instr. 1.05 (2022)
This proposed instruction is agreed upon by the parties.

13

## INSTRUCTION NO. 7

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The [Courtroom Deputy] will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them _____.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

**Authority**: 8th Cir. Civil Jury Instr. 1.06 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 8

When the lawyers have finished asking all of their questions of a witness, you will be allowed to ask the witness questions (describe procedure to be used here). I will tell you if the rules of evidence do not allow a particular question to be asked. After all of your questions, if there are any, the lawyers may ask more questions. Do not be concerned or embarrassed if your question is not asked; sometimes even the lawyers' questions are not allowed.

**Authority**: *Eighth Circuit Model Jury Instructions* (2022), Instruction 1.07 Explanatory: Questions By Jurors

Submitted by Defendants.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 9

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy. (Describe person.)

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

HB: 4862-8564-7478.1

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from

17

other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

**Authority**: 8th Cir. Civil Jury Instr. 1.08 (2022)
This proposed instruction is agreed upon by the parties.

18

# INSTRUCTION NO. 10

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

**Authority**: 8th Cir. Civil Jury Instr. 1.09 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 11

The plaintiff and the defendants have stipulated – that is, they have agreed – that the following facts are true. You must, therefore, treat those facts as having been proved.

**Authority**: 8th Cir. Civil Jury Instr. 2.03 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 12

You have heard evidence that Plaintiff Christopher Spates was previously convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony and not for any other purpose.

**Authority**: 8th Cir. Civil Jury Instr. 2.10 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 13

You have heard evidence that witness Julius Smith has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony and not for any other purpose.

**Authority**: 8th Cir. Civil Jury Instr. 2.10 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 14

You have heard evidence that witness Tracy Greer has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony and not for any other purpose.

**Authority**: 8th Cir. Civil Jury Instr. 2.10 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 15

You have heard evidence that witness Marco Andrew has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony and not for any other purpose.

**Authority**: 8th Cir. Civil Jury Instr. 2.10 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

You have heard evidence that witness Tommie Lathan has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony and not for any other purpose.

**Authority**: 8th Cir. Civil Jury Instr. 2.10 (2022)
This proposed instruction is agreed upon by the parties.

## INSTRUCTION NO. 17

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. When the deposition is read to you, you should not place any significance on the manner or tone of voice used to read the witness's answers to you.

**Authority**: 8th Cir. Civil Jury Instr. 2.14 (2022)
This proposed instruction is agreed upon by the parties.

## INSTRUCTION NO. 18

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.  Remember, you have to follow all  instructions, no matter when I give them, whether or not you have written copies.

You will have copies of the instructions I am about to give you now in the jury room. You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

<u>**Authority**</u>: 8th Cir. Civil Jury Instr. 3.01 (2022)
This proposed instruction is agreed upon by the parties.

27

## INSTRUCTION NO. 19

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

**Authority**: 8th Cir. Civil Jury Instr. 3.02 (2022)
This proposed instruction is agreed upon by the parties.

28

## INSTRUCTION NO. 20

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

**Authority**: 8th Cir. Civil Jury Instr. 3.03 (2022)
This proposed instruction is agreed upon by the parties.

## INSTRUCTION NO. 21

You will have to decide whether certain facts have been proved. A fact has been proved if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

**Authority**: 8th Cir. Civil Jury Instr. 3.04 (2022)
This proposed instruction is agreed upon by the parties.

## INSTRUCTION NO. 22

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respector of persons; all persons stand equal before the law and are to be dealt with as equals in a court of justice.

**Authority**: Hon. William C. Mathes, *Jury Instructions and Forms for Federal Civil Cases*, Civ. 1.04, 28 F.R.D. 401, 414; *see also, e.g.*, *Steady State Imaging, LLC v. General Electric Co.*, Civ. No. 17-1048, 2021 WL 698729, at *3 (D. Minn. Feb. 23, 2021) (stating that similar instructions are "generally" given and finding that such an instruction avoided potential prejudice based on the identity of a party).

Submitted by Plaintiff.

HB: 4862-8564-7478.1

# INSTRUCTION NO. 23

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only

32

HB: 4862-8564-7478.1

permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the bailiff that you are ready to return to the courtroom.

**Authority**: 8th Cir. Civil Jury Instr. 3.07 (2022)
This proposed instruction is agreed upon by the parties.

33

## INSTRUCTION NO. 24

The plaintiff, Christopher Spates, brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Authority**: 8th Cir. Civil Jury Instr. 4.01 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 25

Deliberate indifference is established only if there is actual knowledge of the risk of attack that Julius Smith posed to Plaintiff Christopher Spates and if defendants disregarded that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

**Authority**: 8th Cir. Civil Jury Instr. 4.23 (2022)
This proposed instruction is agreed upon by the parties.

## INSTRUCTION NO. 26

A substantial risk of harm is present when a prisoner faces an objectively intolerable risk of harm such that prison officials cannot argue that they were subjectively blameless for the resulting harm to the prisoner.

**Authority**: *Eighth Circuit Model Jury Instructions* (2022), Instruction 4.21 Definition: Substantial Risk of Serious Harm

Submitted by Defendants.

HB: 4862-8564-7478.1

**INSTRUCTION NO. 27**

Your verdict must be for Plaintiff Christopher Spates and against Defendant Charles Reese on Plaintiff Christopher Spates' failure to protect claim if all of the following elements have been proved:

*First*, inmate Julius Smith struck or hit Plaintiff Christopher Spates; and Plaintiff Christopher Spates was incarcerated under conditions posing a substantial risk of serious harm;

*Second*, Defendant Charles Reese knew of and was aware of the substantial risk of an attack or disregarded the risk to Plaintiff Christopher Spates' safety; and

*Third*, Defendant Charles Reese, with deliberate indifference to Plaintiff Christopher Spates' need to be protected from such attack, failed to protect Plaintiff Christopher Spates; and

*Fourth*, as a direct result, Plaintiff Christopher Spates was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant Charles Reese.

<u>**Authority**</u>: 8th Cir. Civil Jury Instr. 4.44 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

**INSTRUCTION NO. 28**

Your verdict must be for Plaintiff Christopher Spates and against Defendant Robert Turner on Plaintiff Christopher Spates' failure to protect claim if all of the following elements have been proved:

*First*, inmate Julius Smith struck or hit Plaintiff Christopher Spates; and Plaintiff Christopher Spates was incarcerated under conditions posing a substantial risk of serious harm;

*Second*, Defendant Robert Turner knew of and was aware of the substantial risk of an attack or disregarded the risk to Plaintiff Christopher Spates' safety; and

*Third*, Defendant Robert Turner, with deliberate indifference to Plaintiff Christopher Spates' need to be protected from such attack, failed to protect Plaintiff Christopher Spates; and

*Fourth*, as a direct result, Plaintiff Christopher Spates was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant Robert Turner.

<u>**Authority**</u>: 8th Cir. Civil Jury Instr. 4.44 (2022)
This proposed instruction is agreed upon by the parties.

38

# INSTRUCTION NO. 29

Your verdict must be for Plaintiff Christopher Spates and against Defendant John Machino on Plaintiff Christopher Spates' failure to protect claim if all of the following elements have been proved:

*First*, inmate Julius Smith struck or hit Plaintiff Christopher Spates; and Plaintiff Christopher Spates was incarcerated under conditions posing a substantial risk of serious harm;

*Second*, Defendant John Machino knew of and was aware of the substantial risk of an attack or disregarded the risk to Plaintiff Christopher Spates' safety; and

*Third*, Defendant John Machino, with deliberate indifference to Plaintiff Christopher Spates' need to be protected from such attack, failed to protect Plaintiff Christopher Spates; and

*Fourth*, as a direct result, Plaintiff Christopher Spates was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant John Machino.

**Authority**: 8th Cir. Civil Jury Instr. 4.44 (2022)
This proposed instruction is agreed upon by the parties.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 30A

If you find in favor of Plaintiff Christopher Spates under Instruction ___, __, or ___, then you must award Plaintiff Christopher Spates an amount of money that will fairly compensate Plaintiff Christopher Spates for any damages you find Plaintiff Christopher Spates sustained and is reasonably certain to sustain in the future as a direct result of the conduct of the defendants as submitted in Instruction __, __, or ___. You must determine physical pain and mental and emotional suffering Plaintiff Christopher Spates has experienced and is reasonably certain to experience in the future, the nature and extent of the injury, and whether the injury is temporary or permanent.

**Authority**: 8th Cir. Civil Jury Instr. 4.70 (2022)
Submitted by Plaintiff.

HB: 4862-8564-7478.1

## INSTRUCTION NO. 30B

If you find in favor of Plaintiff Christopher Spates under Instruction ___, __, or ___, then you must award Plaintiff Christopher Spates an amount of money that will fairly compensate Plaintiff Christopher Spates for any damages you find Plaintiff Christopher Spates sustained and is reasonably certain to sustain in the future as a direct result of the conduct of the defendants as submitted in Instruction __, __, or ___. You must determine physical pain and mental and emotional suffering Plaintiff Christopher Spates has experienced and is reasonably certain to experience in the future, the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

**Authority**: 8th Cir. Civil Jury Instr. 4.70 (2022)

Submitted by Defendants

# INSTRUCTION NO. 31

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of Plaintiff Christopher Spates under Instruction __, __, or __, and if it has been proved that the conduct of the defendants as submitted in Instruction ___, __, or ___ was malicious or recklessly indifferent to Plaintiff Christopher Spates' right to be protected from attack then you may, but are not required to, award Plaintiff Christopher Spates an additional amount of money as punitive damages for the purposes of punishing the defendants for engaging in misconduct and deterring the defendants and others from engaging in similar misconduct in the future. You should presume that Plaintiff Christopher Spates has been made whole for his injuries by the damages awarded under Instruction ___.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendants' financial condition, to punish the defendants for their wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Plaintiff Christopher Spates.

42

You may award punitive damages against any or all defendants or you may refuse to award punitive damages. If punitive damages are awarded against more than one defendant, the amounts awarded against those defendants may be the same or they may be different.

**Authority**: 8th Cir. Civil Jury Instr. 4.72 (2022)
Submitted by Plaintiff.

HB: 4862-8564-7478.1

**JURY VERDICT FORM A**

**Note**:  Complete this form by writing in the names required by your verdict.

On Plaintiff Christopher Spates' claim against Defendant Charles Reese, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Christopher Spates)      or      (Defendant Charles Reese)

On Plaintiff Christopher Spates' claim against Defendant Robert Turner, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Christopher Spates)      or      (Defendant Robert Turner)

On Plaintiff Christopher Spates' claim against Defendant John Machino, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Christopher Spates)      or      (Defendant John Machino)

**Note**:  Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff.

We find Plaintiff Christopher Spates' damages to be:

$ _____ (state the amount or, if none, write the word "none").

**Note**:  You may not award punitive damages against any defendant unless you have first found against that defendant and awarded Plaintiff Christopher Spates nominal or actual damages.

HB: 4862-8564-7478.1

We assess punitive damages against Defendant Charles Reese as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against Defendant Robert Turner as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against Defendant John Machino as follows:

$ _____ (state the amount or, if none, write the word "none").


_____
Foreperson

Dated: _____

**Authority**: 8th Cir. Civil Jury Instr. 4.80 (2022)
Submitted by Plaintiff.

HB: 4862-8564-7478.1

## JURY VERDICT FORM B

**Note**:  Complete this form by writing in the names required by your verdict.

On Plaintiff Christopher Spates' claim against Defendant Charles Reese, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Christopher Spates)     or     (Defendant Charles Reese)


On Plaintiff Christopher Spates' claim against Defendant Robert Turner, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Christopher Spates)     or     (Defendant Robert Turner)


On Plaintiff Christopher Spates' claim against Defendant John Machino, as submitted in Instruction No. _____, we find in favor of

_____

(Plaintiff Christopher Spates)     or     (Defendant John Machino)


**Note**:  Complete the following paragraphs only if one or more of the above findings is in favor

of the plaintiff.

We find Plaintiff Christopher Spates' damages to be:

$ _____ (state the amount or, if none, write the word "none").



_____

Foreperson

Dated: _____


**Authority**: 8th Cir. Civil Jury Instr. 4.80 (2022)
Submitted by Defendants.

HB: 4862-8564-7478.1