IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| CHRISTOPHER K SPATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 6:18-CV-03150-MDH |
| GEORGE A. LOMBARDI, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTIONS IN LIMINE
AND INCORPORATED SUGGESTIONS IN OPPOSITION**

Defendants Charles Reese, John Machino, and Robert Turner, by and through undersigned counsel, submit the following objections to Plaintiff's Motions in Limine.

1. **Mr. Spates' Criminal Convictions**

Defendants object to Plaintiff's First Motion in Limine. Prior felony convictions "must be admitted, subject to Rule 403" as a means of attacking a witness's character for truthfulness. Fed. R. Evid. 609(a). This rule applies to convictions if 10 years or less have passed "since the witness's conviction or release from confinement, whichever is later." Fed. R. Evid. 609(b). Plaintiff has not been released from confinement regarding his convictions for First Degree Murder and Armed Criminal Action. Because he is still confined for these crimes, they must be admitted, subject to Rule 403, under Rule 609(b).

With regard to the admissibility of these convictions, subject to the balancing of probative value versus unfair prejudice under Rule 403, *Cummings v. Malone*, 995 F.2d 817, 825-26 (8th Cir. 1993) serves as a guidepost. In *Cummings*, the Eighth Circuit found that the District Court abused its discretion by refusing to allow defendants to elicit the name, date, and disposition of the plaintiff's prior convictions because "credibility was paramount in th[e] case." *Id.* at 826. The Court noted that "Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from under oath." *Id.* Most jurors, however, "probably do not understand" the range of crimes that are covered by the term "felony," and "thus need to know the specific crime in order to evaluate its effect on credibility." *Id.*

It is worth noting that all of the cases Plaintiff cites to support the proposition that his murder conviction should be excluded at trial are outside of the Eighth Circuit. Furthermore, the cases are easily distinguishable from the case at bar. In *Tabron v. Grace*, 898 F.Supp. 293 (M.D. Pa. 1995), the Court emphasized the fact that the plaintiff's convictions for murder and robbery were more than 20 years old. *Id.* at 295. The Court also found that the primary issues to be decided at trial were largely uncontested. *Id.* at 296. The 20 year old convictions were thus less likely to weigh on credibility in that case. In the case at bar, Plaintiff's convictions are from 2014, less than 10 years old, and the primary issues remain largely contested.[1] Thus, *Tabron* is

---

[1] Some of the issues to be decided based on contradictory testimony include: whether Plaintiff verbally permitted Smith to enter his ad-seg cell on the date of the incident, whether the defendants were aware that Smith and Plaintiff were in a fight earlier

not applicable here. In *Ellis v. Navarro*, 2012 WL 3580284 (N.D. Cal. Aug. 17, 2012), the plaintiff was convicted of attempted murder of a police officer. *Id.* at 2. In the case at bar, Plaintiff was convicted of First Degree Murder and Armed Criminal Action. The convictions are very different in that Plaintiff's does not involve any law enforcement officers. Thus, the convictions are not prejudicial like the ones in *Ellis*, and that case is therefore not applicable here. Finally, in *Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993), the Plaintiff was convicted of murder twice. *Id.* at 78. Both of Plaintiff's murder convictions occurred more than 15 years prior to the plaintiff's 1983 claim. *Id.* As in *Tabron*, the fact that Plaintiff's convictions are less than 10 years old makes their probative value greater than those in *Eng*. Therefore, *Eng* is not applicable to the facts of this case.

Instead, this Court should consider the fact that Plaintiff's convictions are less than 10 years old, and therefore well within the requirements of Rule 609. *Day v. Milling*, 2000 WL 435530, *2-3 (D. Conn. Feb. 22, 2000) (holding that convictions which were less than 10 years old, including those for murder, were admissible for impeachment purposes). District Courts in other circuits have also noted that "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually involves some element of deceiving the victim." *Coleman v. Durkin*, 585 F.Supp.3d 208, 213 (N.D.N.Y. 2022).

---

in the day, and whether the defendants stated they "wanted to see some black gladiator action."

In Missouri, "[a] person commits the crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter." RSMo § 565.020 (2000). Deliberation is an element of the crime and suggests planning which indicates "deliberate and injurious violations of basic standards." *Coleman*, 585 F.Supp.3d at 213. Plaintiff's murder conviction is thus highly relevant to his capacity for truthfulness, and should be admissible at trial for impeachment.

Defendants do not intend to introduce any details of Plaintiff's convictions, and would instead be limited to the name of the offense, the date of disposition, and the sentence imposed, consistent with the Eighth Circuit's holding in *Cummings*.

2. **Witnesses' Prior Criminal Convictions**

Defendants object to Plaintiff's Second Motion in Limine. Witness Julius Smith is currently incarcerated for First Degree Murder. Witness Greer is currently incarcerated for Armed Criminal Action, Attempted First Degree Assault, and Possession of a Weapon in a Correctional Facility. Witness Lathan is currently incarcerated for First Degree Robbery, Armed Criminal Action, and Conspiracy to Distribute a Manufactured Substance. Witness Marco Andrews is currently incarcerated for First Degree Robbery, Armed Criminal Action, Resisting Arrest and causing Risk of Death or Injury, and Facilitating a Kidnapping.

Prior felony convictions "must be admitted, subject to Rule 403" as a means of attacking a witness's character for truthfulness. Fed. R. Evid. 609(a). This rule applies to convictions if 10 years or less have passed "since the witness's conviction or release from confinement, whichever is later." Fed. R. Evid. 609(b). All of these

witnesses are currently serving their sentences for these convictions. Because they are still confined for these crimes, they must be admitted, subject to Rule 403, under Rule 609(b).

With regard to the admissibility of these convictions, subject to the balancing of probative value versus unfair prejudice under Rule 403, *Cummings v. Malone*, 995 F.2d 817, 825-26 (8th Cir. 1993) serves as a guidepost. In *Cummings*, the Eighth Circuit found that the District Court abused its discretion by refusing to allow defendants to elicit the name, date, and disposition of the plaintiff's prior convictions because "credibility was paramount in th[e] case." *Id.* at 826. The Court noted that "Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from under oath." *Id.* Most jurors, however, "probably do not understand" the range of crimes that are covered by the term "felony," and "thus need to know the specific crime in order to evaluate its effect on credibility." *Id.*

In the case at bar, credibility is central to the jury's decision given the opposing testimony expected as to what happened on November 12, 2015. Liability will turn on whether the jury believes Plaintiff or Defendants. Defendants do not intend to introduce any details of these witnesses' convictions, and would instead be limited to the name of the offense, the date of disposition, and the sentence imposed, consistent with the Eighth Circuit's holding in *Cummings*.

### 3. Conduct Violations Not at Issue

Defendants do not intend to use evidence of Plaintiff's prior conduct violations not at issue in this trial. However, Defendants reserve the right to present rebuttal evidence on this issue.

**4. Statements That Constitute Expert Testimony Under Federal Rules of Evidence Rule 702.**

Defendants do not intend on eliciting expert testimony under Fed. R. Evid. 702. Defendants may testify about their DOC training, policies, and procedures, however, this is not "expert" testimony.

**5. Admiration for Corrections Officers Generally**

Defendants object to Plaintiff's Fifth Motion in Limine insofar as it seeks to exclude evidence of Defendants responsibilities as corrections officers. Defendants should not be precluded from describing his job responsibilities as a corrections officer. Statements and testimony that Defendants and others were concerned with safety and security of offenders and staff is at the heart of this case and the primary responsibility of corrections officers. Plaintiff's claim requires proof that Defendants acted with deliberate indifference to a serious risk of harm to Plaintiff. Defendants should have the opportunity to rebut that allegation by providing evidence of their job responsibilities and descriptions of working in a prison environment to add context to the decisions they made on November 12, 2015.

Moreover, this motion in limine has no bounds, as Plaintiff asks the Court to exclude "any like reference." Doc. 148, p. 7. Defendants and other witnesses will almost certainly address their roles providing for the safety and security of the

institution and all persons within is. Plaintiff will not be prejudiced by Defendants and other witnesses testifying about their job duties.

### 6. That Any Award of Damages Would be Borne by State of Missouri or Missouri Taxpayers

Defendants do not object to Plaintiff's Sixth Motion in Limine.

### 7. Evidence That Mr. Spates Was Disciplined Following the November 12 Incident

The Defendants, MDOC, nor SCCC disciplined Plaintiff for the fight that occurred in administrative segregation on November 12, 2015. Plaintiff was disciplined for the fight that occurred in the yard earlier that day, which was the impetus behind Plaintiff's placement in administrative segregation. Defendants therefore object to this Motion in Limine insofar as it misstates the underlying facts. However, Plaintiff was disciplined for his conduct the morning of November 12, 2015. The Court should not exclude testimony on this solely because this fact does not favor Plaintiff.

### 8. That Mr. Spates Be Allowed to Remain Unshackled and Attired in Appropriate Civilian Clothes in the Jury's Presence

Defendants do not object to Plaintiff's Eighth Motion in Limine.

### 9. That Mr. Spates be Addressed as "Mr. Spates" or "Plaintiff."

Defendants only intend to address Plaintiff as "Mr. Spates" or "Plaintiff" during trial. However, Defendant does anticipate that the word "offender" or "inmate" may be used in the context of explaining policy or providing background information for South Central Correctional Center or general practices, but does not intend to address Plaintiff as "Offender" or "Inmate Spates."

10. **Invoking the Rule**

    Defendants do not object to Plaintiff's Tenth Motion in Limine.

    Respectfully submitted,

    **ANDREW BAILEY**
    Attorney General

    */s/ Austin Davis*
    Austin Davis MO74013
    Assistant Attorney General
    P.O. Box 861
    St. Louis, MO 63188-0861
    Telephone: (314) 244-2106
    Facsimile: (314) 340-7029
    E-Mail:Austin.Davis@ago.mo.gov

    *Attorney for Defendants*
    *Reese, Turner and Machino*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2023, the foregoing was filed electronically with the Clerk of Court, which sent notice to all parties of record.

*/s/ Austin Davis*
Assistant Attorney General