IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER K SPATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:18-CV-03150-MDH |
| GEORGE A. LOMBARDI, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS**

Defendants Charles Reese, John Machino, and Robert Turner, by and through undersigned counsel, submit the following Response to Plaintiff's Objections to Defendant's Proposed Exhibits.

1. **Plaintiff's First Objection**

Defendants do not dispute Plaintiff's first objection. The deposition transcripts of Spates, Reese, Widener, Machino, and Turner are hereby withdrawn from Defendants' List of Proposed Exhibits.

2. **Plaintiff's Second Objection**

Plaintiff's object to Defendants use of Robert Turner's Performance Appraisal by arguing that it is improper character evidence. Plaintiff argues that Defendant Turner's performance evaluation from January 2016 has no bearing on allegations that Defendant Turner failed to protect Plaintiff from an attack in November 2015. Plaintiff also argues that the documents are inadmissible hearsay.

First, the documents are admissible under an exception to the hearsay rule. Fed. R. Evid. 803(6) permits admission of a business record if it is (a) made at or near the time by someone with knowledge; (b) kept in the regular course of business; (c) the record was made a regular practice; and (d) all of these conditions are shown by the testimony of the custodian or another qualified witness. The Eighth Circuit has already established that a yearly performance evaluation is a business record admissible under this exception. *See Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997); *see also Paul v. Farmland Industries, Inc.*, 1993 WL 760161, *2 (W.D. Mo. Sept. 27, 1993).

Plaintiff next argues that the evaluations are improper character evidence under Fed. R. Civ. P. 404. Plaintiff is seeking punitive damages in this case. As such, the Plaintiff must show that Defendant Turner acted with malicious or reckless indifference. The performance records are admissible as rebuttal evidence to show lack of intent or motive on the part of Mr. Turner.

WHEREFORE, Defendants respectfully move this Court to deny Plaintiff's Second Objection to Defendants' Proposed Exhibit List.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Austin Davis*
Austin Davis MO74013
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188-0861

Telephone: (314) 244-2106
Facsimile: (314) 340-7029
E-Mail:Austin.Davis@ago.mo.gov

*Attorney for Defendants*
*Reese, Turner and Machino*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August 2023, the foregoing was filed electronically with the Clerk of Court, which sent notice to all parties of record.

*/s/ Austin Davis*
Assistant Attorney General