IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. SPATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 6:18-cv-03150-MDH |
| | ) | |
| GEORGE A. LOMBARDI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR PLAINTIFF

COMES NOW Plaintiff, and in support of his Application for Writ of Habeas Corpus For Trial, states as follows:

The Court should issue a writ of habeas corpus ad testificandum to compel the presence of Plaintiff's witness Julius Smith ("Witness") at trial because the law favors doing so and to preserve Plaintiff's right to a fair trial.

Writs of habeas corpus ad testificandum are authorized by 28 U.S.C. § 2241(c)(5) at the discretion of the federal court. *Oliver v. Goodwin*, 221 F.3d 1343 (8th Cir. 2000). In exercising its discretion, the Court should consider the eight-prong test set out in *Stone v. Morris,* 546 F.2d 730, 735-36 (7th Cir. 1976) when determining whether to compel a prisoner's presence at a court proceeding: (1) The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom; (2) Any potential danger or security risks which the presence of the prisoner would pose to the court; (3) Whether the matter at issue is substantial; (4) The need for an early determination; (5) The possibility of delaying trial until the prisoner is released; (6) The probability of success on the merits; (7) The integrity of the correctional system; (8) The

interests of the inmate in presenting his testimony in person rather than by deposition. *In re Best Value Inc.*, 52 Bankr. Ct. Dec. 152 (Bankr. N.D. Iowa Dec. 15, 2009).

Here, Plaintiff has an overwhelming interest in the presence of his Witness to deliver in-person testimony at Plaintiff's trial. The eighth factor "subsumes other factors or considerations such as whether the trial is to be to the court or to a jury, whether . . . as here, the prisoner is the only person who can render testimony consistent with the allegations of his complaint, and whether the defendants themselves plan to take the witness stand." *Stone*, 546 F.2d at 736. Plaintiff's Witness was a party to all relevant facts. Plaintiff anticipates Defendant will testify and call witnesses, but Plaintiff's Witness is capable of testifying to the manner and circumstances in which Plaintiff sustained the injuries from which this civil rights action arises. Moreover, Plaintiff's Witness is incarcerated in Mineral Point, Missouri, which is a distance from Springfield that does not impose substantial costs or inconvenience upon the State to transport him here for the duration of testimony at Plaintiff's trial.

WHEREFORE, for the reasons stated herein and in Plaintiff's Application for Writ of Habeas Corpus, Plaintiff respectfully prays that his Witness, Julius Smith, be transported by the U.S. Marshal from the Potosi Correctional Center in Mineral Point, Missouri to be housed in the Springfield, Missouri area no later than 1:00 p.m. on August 21, 2023 and thereafter remain in the Springfield area until the conclusion of his testimony at Plaintiff's trial so that he can be present in the Courtroom at the time of trial; and for such other relief as the Court deems just.

**Respectfully submitted,**

By: /s/ *Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com

And

J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was filed electronically via the Court's electronic filing system on August 14, 2023, for service on all counsel of record.

*/s/ Laura C. Robinson*
Laura C. Robinson

3
HB: 4854-3221-2087.2
Case 6:18-cv-03150-MDH    Document 176    Filed 08/14/23    Page 3 of 3