IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| CHRISTOPHER SPATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 18-3150-CV-S-MDH |
| GEORGE LOMBARDI, et al., | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff's Motion in Limine (Doc. 148) and Defendant's Motion in Limine (Doc. 155). The Court has reviewed the record before it and heard argument from counsel and hereby makes the following rulings:

**PLAINTIFF'S MOTIONS IN LIMINE (Doc. 148)**

1. **Mr. Spates' Criminal Convictions**

   This motion is overruled. Plaintiff's prior felony conviction will be admitted, subject to Rule 403, under Rule 609(b). The Court has weighted the balancing of probative versus unfair prejudice under Rule 403 and finds Plaintiff's convictions are less than 10 years old and within the requirements of 609. Defendants indicate in their briefing that they do not intend to introduce any details of Plaintiff's convictions. The Court will allow the name of Plaintiff's offense and the date of conviction to be introduced. This motion is **OVERRULED**.

2. **Witnesses' Prior Criminal Convictions**

   According to the briefing, witness Julius Smith is currently incarcerated for First Degree Murder; witness Greer is currently incarcerated for Armed Criminal Action, Attempted First Degree Assault, and Possession of a Weapon in a Correctional Facility; witness

1

Lathan is currently incarcerated for First Degree Robbery, Armed Criminal Action, and Conspiracy to Distribute a Manufactured Substance; and witness Marco Andrews is currently incarcerated for First Degree Robbery, Armed Criminal Action, Resisting Arrest and causing Risk of Death or Injury, and Facilitating a Kidnapping. Here, all these witnesses are currently serving their sentences for these convictions and the same ruling that applies to Plaintiff applies here. The Court finds this evidence is admissible because the probative value outweighs the unfair prejudice. Again, credibility of witnesses will be an issue for the jurors to determine. Further, Defendants are limited to the name of the offense and the date of conviction. This motion is **OVERRULED**.

3. **Conduct Violations Not At Issue**

    Defendants state they do not intend to use evidence of Plaintiff's prior conduct violations not at issue in this trial. Defendants reserve their right to present rebuttal evidence. This motion is **SUSTAINED**.

4. **Statements That Constitute Expert Testimony Under Federal Rules Of Evidence Rule 702**

    This motion is **SUSTAINED**. Defendants stated they do not intend to elicit expert testimony.

5. **Admiration For Correction Officers Generally**

    This motion is **SUSTAINED**. However, Defendants should not be precluded from describing job responsibilities as a corrections officer. Statements and testimony that Defendants and others were concerned with safety and security of offenders and staff will be allowed.

6. **That Any Award Of Damages Would Be Borne By State Of Missouri Or Missouri Taxpayers**

    This motion is **SUSTAINED**.

7. **Evidence That Mr. Spates Was Disciplined Following The November 12 Incident**

    This motion is **SUSTAINED**. However, the Defendants, MDOC, and SCCC deny Plaintiff was disciplined for the fight that occurred in administrative segregation on November 12, 2015. They claim Plaintiff was disciplined for the fight that occurred in the yard earlier that day, which was the impetus behind Plaintiff's placement in administrative segregation. Evidence that Plaintiff was placed in administrative segregation due to a fight earlier in the day will be admitted. Plaintiff is free to dispute the issue if appropriate.

8. **That Mr. Spates Be Allowed To Remain Unshackled And Attired In Appropriate Civilian Clothes In The Jury's Presence**

    Plaintiff will be allowed to wear civilian clothes during trial. Plaintiff's legs will remain shackled during trial. Plaintiff's hands will be allowed to be unshackled. However, Plaintiff's hands will be shackled upon any incident that occurs during trial warranting this ruling to be reconsidered.

9. **That Mr. Spates Be Addressed As "Mr. Spates" Or "Plaintiff"**

    This motion is **SUSTAINED**.

10. **Invoking The Rule**

    This motion is **SUSTAINED**.

**DEFENDANTS' MOTIONS IN LIMINE (Doc. 155)**

1. **Reference to the financial disparity of the parties or the source of any award for damages.**

    This motion is **SUSTAINED**. Evidence that may be relevant and admissible for punitive damages will be taken up by the Court if and when necessary. However, Defendants must not be permitted to "open the door" with suggestions that they personally will be liable or financially impacted by the outcome of this case. Should that occur, the jury should be

3

Case 6:18-cv-03150-MDH   Document 182   Filed 08/16/23   Page 3 of 5

entitled to hear testimony regarding the State of Missouri's defense and indemnity of Defendants.

2. **Evidence Regarding What the Law Requires and Witness Opinion Testimony Concerning Legal Standards or Legal Violations.**

   This motion is **SUSTAINED**.

3. **Witness Testimony, including that of Plaintiff, as to the ultimate issue of whether any alleged conduct was a violation of DOC policies and Plaintiff's rights.**

   This motion is **SUSTAINED**.

4. **Lay testimony by Plaintiff about medical diagnosis or impairments or psychologically diagnosable conditions, including both physical and mental medical conditions.**

   Plaintiff will not be allowed to testify about any medical diagnosis or prognosis regarding his alleged injuries, treatment, or causation. This applies to both physical and mental conditions. However, Plaintiff will be allowed to testify regarding the progression, nature, and timing of the symptoms he experienced and any treatment he received for the same.

5. **Testimony regarding discovery disputes, or any disparaging references to the Attorney General's Office**.

   This motion is **SUSTAINED**.

6. **Safety concerns regarding the Department of Corrections, arguments regarding the "community standards", and other "Reptilian Tactics" outlined in David Ball and Don Keenan's book Reptile: the 2009 Manual of the Plaintiff's Revolution.**

   This motion has been withdrawn by Defendants.

7. **Testimony, argument, or commentary regarding the presence of the individual Defendants.**

   This motion has been withdrawn by Defendants.

8. **Deposition testimony taken in other cases.**

4

Case 6:18-cv-03150-MDH    Document 182    Filed 08/16/23    Page 4 of 5

This motion is **SUSTAINED.** The Court defers ruling on this motion until specific deposition testimony is identified. Any such testimony should be given to opposing counsel as soon as possible.

9. **Attorney-Client Protected Communications**.

    This motion is **SUSTAINED**.

Finally, the parties are reminded that these rulings are interlocutory. *See Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) ("Where a trial judge reserves the right to change her pretrial ruling or guidance on an evidentiary issue during trial, the pretrial ruling is unappealable."). The parties are encouraged to reassert their objections at trial if they deem it appropriate to do so. *Id.* ("Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial.").

**IT IS SO ORDERED**.

DATE: August 1, 2023   */s/ Douglas Harpool*
Douglas Harpool
U.S. District Judge