UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| Christopher K. Spates,<br><br>PLAINTIFF,<br><br>v.<br><br>George A. Lombardi, *et al.*,<br><br>DEFENDANTS. | Case No. 18-3150-CV-S-MDH |

## Plaintiff's Reply in Support of
## Motion for Attorneys' Fees and Expenses

In further support of his Motion for Attorneys' Fees and Expenses, Plaintiff Christopher Spates states:

### INTRODUCTION

Plaintiff sued Defendants after he was brutally assaulted by another inmate while Defendants watched. The jury found all three Defendants violated Mr. Spates's constitutional rights and awarded him $85,000 in compensatory damages and $140,000 in punitive damages.

This was a challenging case premised on serious allegations which required careful deliberation, considerable skill, and significant time and attention. Talented attorneys at Husch Blackwell litigated this case, devoted many, many hours to this case, conducting significant and critical discovery, preparing for trial, and trying the case to a jury verdict, which yielded undiluted success and a resounding vindication of Mr. Spates's rights.

In opposing the Motion for Attorney Fees and Expenses, Defendants do not argue that the hourly rate requested is unreasonable, or generally that number of hours spent on the case is unreasonable. Rather, Defendants argue that time spent preparing the Motion for Attorney's Fees is excessive, that certain hours should be considered clerical, that the firm should not have used an out-of-state attorney on the case, and that expenses related to computer research should not be reimbursed. The Court should reject Defendants' arguments, award the full attorneys' fees sought of $141,955.65 (representing 63% of the money damage award), and order Defendants to pay $85,705.65 thereof, and further order Defendants to pay $3,467.10 in expenses, as well as interest on the fees and expenses.

## ARGUMENT

The PLRA "allows an award of attorney fees for 150 percent of the damages award." *Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004). Mr. Spates seeks an award of attorney's fees that is 63% of the damages award, well within the amount allowed by the PLRA. Moreover, Mr. Spates already reduced the amount of his request by not seeking reimbursement for the work of certain attorneys nor for the work of paralegals on the case. All of this operates to reflect the reasonableness of the award sought. *See, e.g., Brown v. Precythe*, WL 1527160, at *7 (W.D. Mo. Mar. 30, 2020) (finding that "Plaintiffs' counsel exercised billing judgment even prior to submitting their fee request to the Court…The Court will not impose a further discount here…").

### A. Time Preparing Motion for Attorney's Fees Should be Awarded.

Defendants argue that the number of hours spent preparing the Motion for Attorney's Fees and Suggestions in Support are not reasonable based on *Hershey v. Jasinski*, 2022 WL 2103977, *3 (W.D. Mo. May 12, 2022). In *Hershey*, the plaintiff brought an action

2

HB: 4881-1117-7606.2
Case 6:18-cv-03150-MDH    Document 209    Filed 10/12/23    Page 2 of 6

under 42 U.S.C. § 1983. *Id.* However, it did not involve the PLRA. The court found that 13.1 hours preparing the request for attorney's fees "seems excessive given the nature of the case," and that the plaintiff's failure to use the proper form necessitated additional briefing, and therefore reduced that time by 15%. *Id.* Defendants argue that the same 15% reduction should be applied in this case. However, "[w]hile it is proper to consider the number of hours found reasonable in a similar but unrelated case, merely adopting that number as reasonable in a pending case would almost certainly constitute an abuse of discretion." *Lightfoot v. Walker*, 826 F.2d 516, 520 (7th Cir. 1987).

Here, in contrast, Plaintiff's claim falls under the PLRA, which includes additional restrictions on an award of attorney's fees. *See* 42 U.S.C.§ 1997e(d). Plaintiff's counsel had to determine the application of 42 U.S.C. § 1997e(d)(1) to the current request; had to determine the appropriate hourly rate for three different years as required by 42 U.S.C. § 1997e(d)(3); and had to analyze caselaw to determine the appropriate application of the "not to exceed" language contained in 42 U.S.C. § 1997e(d)(2). Additionally, in *Hershey*, the plaintiff requested reimbursement for just over 220 hours; here, Mr. Spates seeks reimbursement for almost 600 hours. Reviewing and adjusting the approximately 400 additional hours took time. Under the circumstances, the Court should find 16.2 hours on this task to be reasonable, and award the full amount requested.

**B. Attorney Time on Alleged "Clerical Tasks" Should be Awarded.[1]**

Defendants allege that certain tasks billed by Mr. Spates' counsel are for "clerical tasks" that should not be reimbursed. To determine whether a task is "legal work" or

---

[1] Plaintiff concedes that the 0.2 hours spent for "completed pro bono questionnaire" might be considered a clerical task. Because this occurred in 2021, the hourly rate is $232.5, reducing the total award by $46.50.

"clerical work," courts must determine whether the task can be completed by non-lawyers. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) (abrogated on other grounds); *Crain v. City of Mountain Home, Ark.*, 611 F.2d 726, 730 (8th Cir. 1979) (adopting the attorney's fee guidelines set forth in *Johnson*). Here, the tasks disputed by Defendants all needed to be completed by an attorney. A non-attorney cannot gain admission to the United States District Court for the Western District of Missouri for an attorney – the attorney must do that for themselves. Attorneys must sign and complete applications for *pro hac vice* to submit to the court. The time spent discussing the case with Mr. Spates' wife partially involved legal explanations, and thus was not a "clerical task." Finally, the 5.6 hours that Defendants allege were spent on "NetDocs" tasks related to drafting discovery requests and reviewing discovery responses, albeit clumsily designated. These tasks also amounted to legal work that the Court should order reimbursed by Defendants.

### C. Attorney Time and Expenses for Travel Should be Awarded.

This Court appointed an attorney from Husch Blackwell to represent Plaintiff in this matter, which ostensibly reflects the positive reputation of the firm and its attorneys. The skillful advocacy for which the firm is known helped earn this unequivocally successful outcome for Mr. Spates. However, because Husch Blackwell has multiple offices across the nation, the appropriate staffing of cases depends on the availability of attorneys.

Defendants argue that the time spent traveling to take depositions should not reimbursed, because Ms. Jones took "a single deposition in 2021," and because "Plaintiff had at least three other attorneys on this case who resided in Missouri." However, Ms. Jones took both Defendant Turner and Defendant Reese's depositions on the same day. These depositions led to the discovery of Defendant Machino. Additionally, Defendant

4

Turner's deposition was key during trial as he attempted to change his testimony. Further, at the time of these depositions, on March 8, 2021, Ms. Jones and (now) Judge Gooch were the only attorneys who represented Mr. Spates. When travel is for legal activity, the time spent is compensable at the same rate as other activities. *See Planned Parenthood Ass'n of Kansas City, Missouri, Inc. v. Ashcroft*, 655 F.2d 848, 872 (8th Cir. 1981) (overruled on other grounds). Here, Ms. Jones traveled to take key depositions of two Defendants, and that time should be paid.

In addition to her time, the Court should order payment for Ms. Jones' expenses for travel. Travel expenses for depositions are reimbursable expenses. *See Brown*, 2020 WL 1527160, at *7. These were not "unnecessary expenditures" but were "[r]easonable expenses of the kind a law firm would ordinarily bill to its client." *Id*. Accordingly, these expenses should be awarded to Mr. Spates.

### D. Computer Research Is Reimbursable and Should be Awarded.

Computer based research is now a common litigation expense and may be reimbursable. Previously, the Eighth Circuit held that computerized legal research ("CLR") "cannot be independently taxed as an item of cost in addition to the attorneys' fee award." *Leftwich v. Harris-Stowe State Coll.*, 702 F.2d 686, 695 (8th Cir. 1983). However, *Leftwich* no longer reflects today's norms. While "*Leftwich* reflected customary billing practices at the time…today…CLR research expenses are separately billed in many communities, a practice that can be readily defended because '[t]he cost of online research is normally matched with reduction in the amount of time an attorney researches,' or with better quality research." *Ludlow v. BNSF Ry. Co.*, 788 F.3d 794, 805 (8th Cir. 2015). The Court should order Defendants to pay these reasonable CLR expenses.

5

## CONCLUSION

WHEREFORE, for the reasons stated herein and in *Plaintiff's Motion for Attorneys' Fees and Expenses*, Plaintiff asks the Court to order Defendants to pay Plaintiff $85,705.65 for attorneys' fees and $3,467.10 for expenses; for interest at 5.36% per annum from the date of the order until paid; and for such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

By: */s/ Laura C. Robinson*
Laura C. Robinson, MO Bar #67733
Husch Blackwell LLP
3810 E. Sunshine, Suite 300
Springfield, MO 65809
Phone: 417.268.4000
Fax: 417.268.4040
Laura.Robinson@huschblackwell.com

J. Brent Dulle, MO Bar #59705
Husch Blackwell LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Phone: (314) 345-6191
Brent.Dulle@huschblackwell.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically via the Court's electronic filing system on October 12, 2023, for service on all counsel of record.

*/s/ Laura C. Robinson*
Laura C. Robinson